Jenna Rinehart Rassif, admitted *pro hac vice*
Valerie L. Hooker, admitted *pro hac vice*
2 South Biscayne Blvd., Suite 3500
Miami, FL 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
Jenna.Rassif@jacksonlewis.com
Valerie.Hooker@jacksonlewisl.com

Tony H. McGrath, admitted *pro hac vice*
22 East Mifflin Street, Suite 800
Madison, WI 53703
Telephone: (608) 807-5274
Facsimile: (608) 260-0058
Tony.McGrath@jacksonlewis.com
Attorneys for Defendant

Nicholas J. Enoch
State Bar No. 016473
LUBIN & ENOCH, P.C.
349 North Fourth Avenue
Phoenix, AZ 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
nick@lubinandenoch.com
Attorneys for Plaintiffs

Matthew Seth Sarelson, admitted pro hac vice
Dhillon Law Group, Inc.
2100 Ponce de Leon Blvd., Suite 1290
Coral Gables, Florida 33134
Telephone: (305) 773-1952
msarelson@dhillonlaw.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Smith, et al., <br>     Plaintiffs, <br> v. <br> Akal Security, Inc., <br>     Defendant. | Case No: 2:18-cv-01117-SMB <br><br> **Joint Motion to Approve FLSA Settlement** |

1

Plaintiffs Roy Smith, *et. al.*, and Defendant Akal Security, Inc., hereby file this Joint Motion to Approve the Settlement of this Fair Labor Standards Act ("FLSA") action.

This action was filed on April 11, 2018, to recover allegedly unpaid overtime under the FLSA in connection with Akal's meal period policy. (Dkt. 1). Akal filed an Answer denying the material allegations in the Complaint on July 23, 2018. (Dkt. 13). Akal maintains its denial of Plaintiffs' material allegations and of any liability whatsoever.

As previously indicated in the Parties' last status report on April 1, 2022, D.E. 65, the Parties have reached a global resolution of all pending lawsuits against Defendant Akal Security, Inc. in an effort to avoid the significant cost and time associated with continued litigation. As part of the global resolution, the parties have executed a Settlement Agreement and Release of Claims for approval by the Court. A copy of the Agreement is attached as **Exhibit A**. Under the Agreement, each of the 55 Plaintiffs and opt-in Plaintiffs in this action will receive $250.00 (two-hundred fifty dollars) from Akal Security, Inc. This amount was heavily negotiated over a period of many months with the following in mind:

1. The prior lawsuit filed against Akal in the District Court of Arizona was dismissed on Akal's motion for summary judgment and that order was affirmed by the Ninth Circuit in an unpublished opinion. *See Alonzo v. Akal Security, Inc.*, 807 Fed. Appx. 718 (9th Cir. 2020). For the Plaintiffs here to recovery anything, they would need the Ninth Circuit to reach a different conclusion than it reached in the *Alonzo* action. This would require years of

2

motion practice in this Court and the Ninth Circuit and it would be extraordinarily challenging to prevail in light of the Ninth Circuit's prior, albeit unpublished, opinion. The first plaintiff, Ed Alonzo, received nothing and has a costs judgment entered against him.

2. The similar *Dean v. Akal Security, Inc.* case resulted in a published opinion in the Fifth Circuit again affirming summary judgment for Akal. *See Dean v. Akal Security*, 3 F. 4th 137 (5th Cir. 2021). Accordingly, in the *Dean* lawsuit, the approximately 100 plaintiffs received no judgment or payments in their favor and instead have a costs judgment entered against them.

3. The similar *Gelber v. Akal Security, Inc.* case resulted in a published opinion in the Eleventh Circuit affirming summary judgment for the employees. *See Gelber v. Akal Security, Inc.*, 14 F. 4th 1279 (11th Cir. 2021). One judge dissented in *Gelber* and would have affirmed summary judgment for Akal. The Eleventh Circuit affirmed summary judgment for Akal on the secondary issues concerning the statute of limitations and willfulness. There is, thus, no disagreement among the Circuit Courts that damages would be limited to two years, not three years, and liquidated damages would not be awarded.

4. In the *Gelber* case, each of the 20 plaintiffs received an average final judgment of $1,534.74, including 5 plaintiffs who were awarded nothing.

The issue of fees and costs has been negotiated separately and on a global basis covering all pending lawsuits identified in this filing.

As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), in the "context of suits brought

3

directly against their employer under Section 21 6(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." This Court will find that the settlement in this case is fair and should be approved. Specifically, the settlement resolves a "bona fide dispute between the parties" with respect to whether the Plaintiffs were in fact owed additional overtime compensation. See id. at 1353 n.8. As noted above, this is a bona fide dispute and, in light of the uncertainty concerning the viability of this claim, with particular attention to the Ninth Circuit's unpublished opinion affirming summary judgment for the Defendant in *Alonzo*, a settlement of $250.00 per Plaintiff in this case is a fair and reasonable compromise in exchange for a release of the Plaintiffs' claims against Akal pursuant to the Fair Labor Standard Act.

As a further indication of the fairness of the settlement, Plaintiffs are represented by competent and experienced counsel who, in the "adversarial context of a lawsuit," negotiated for Plaintiffs "a reasonable compromise of disputed issues." *Id*. at 1354. Other indicia of fairness are also present, including the facts that the parties investigated the issues; that the settlement will conserve substantial time and expense by eliminating the need for costly discovery; and that, by settling, Plaintiffs have avoided a significant delay in receiving any potential recovery.

As the court recognized in *Lynn's Foods*, settlements in the context of litigation where there are bona fide issues in dispute, and where employees are represented by "an attorney who can protect their rights under the statute," are to be approved by district

4

courts "in order to promote the policy of encouraging settlement of litigation." 679 F.2d at 1354. These precise circumstances exist here.

For the reasons stated above, the Parties jointly request approval of the Settlement Agreement and Release of Claims (Ex. A) and enter the Order Granting Final Approval of FLSA Settlement attached as **Exhibit B**.

RESPECTFULLY SUBMITTED this 19th day of April 2022.

JACKSON LEWIS P.C.

By: *s/ Tony H. McGrath*
Jenna Rinehart Rassif
Tony H. McGrath
Valerie L. Hooker
*Attorneys for Defendant*

LUBIN & ENOCH, P.C.

By: *s/ Nicholas J. Enoch*
Nicholas J. Enoch
Stanley Lubin
*Attorneys for Plaintiffs*

4889-1361-1288, v. 3